United States District Court
Southern District of Texas
**ENTERED**
June 10, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MILLET TIRE CO., LLC D/B/A GRAND PALACE EVENTS | § § § | |
| VS. | § § | CIVIL ACTION NO. 5:23-CV-108 |
| CENTURY SURETY CO. | § | |

### REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's counsel's response, (Dkt. No. 31), to the Court's order to show cause, (Dkt. No. 30). For the reasons that follow, the Undersigned **RECOMMENDS** no sanctions against Plaintiff's counsel.

### I. BACKGROUND

On April 19, 2024, Plaintiff's counsel failed to file a response to Defendant's motion to compel, as ordered. (Dkt. No. 20). On May 6, 2024, Plaintiff's counsel filed Plaintiff's advisory after the Court-imposed deadline to do so. (Dkt. No. 27). As a result, the Court issued an order to show cause, (Dkt. No. 30), wherein Plaintiff's counsel—Victor Rodriguez Jr. and Omar Ochoa— were to show why they should not be sanctioned for failing to comply with the Court's orders.

### II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 16(f), the Court may, on its own motion, issue any just orders if a party fails to obey a pretrial order. Fed. R. Civ. P. 16(f)(1)(c). The Court may hold a party in civil contempt where there is "clear and convincing evidence that (1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order."

1

*United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004). Likewise, the Court may award sanctions against a party who fails to comply with a court order. *See Sabre Group, Inc. v. European American Travel, Inc.*, 192 F.3d 126, 1999 WL 683863, at *1–2 (5th Cir. 1999) (affirming the district court's sanction of a party for failing to attend a court-ordered settlement conference).

"Federal courts have undisputed, inherent power to regulate practice in cases pending before them." *Carroll v. Jacques*, 926 F. Supp. 1282, 1288 (E.D. Tex. 1996) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). "This power originates from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* (quoting *Natural Gas Pipeline v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993), *cert. denied*, 510 U.S. 1073 (1994)) (internal citations omitted). Furthermore, "[a] district court has the inherent authority to impose sanctions 'in order to control the litigation before it.'" *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010) (quoting *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 703 (5th Cir. 1990)). "The court may also use that power to sanction conduct if it is in direct defiance of the sanctioning court or constitutes disobedience to the orders of the Judiciary." *Id.* (internal quotations omitted).

Although the Fifth Circuit has "confined sanctions under the district court's inherent power to instances of bad faith or willful abuse of the judicial process," the same is not required for sanctions imposed under the Rules of Civil Procedure or the local rules. *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990). "In deciding

whether a sanction under Rule 16(f) is merited, the Court need not find that the party acted willfully, intentionally, or in bad faith." *Barnett v. A S & I, LLC*, No. 3:13-CV-2464-BN, 2014 WL 4327904, at *3 (N.D. Tex. Sept. 2, 2014). "The fact that a pretrial order was violated is sufficient to allow some sanction, as Rule16(f)'s text itself makes clear." *Id*.

### III. DISCUSSION

In Plaintiff's counsel's response, Plaintiff's counsel states:

> Plaintiff mistakenly failed to file a response [to Defendant's motion to compel] because all discovery issues, forming the basis of the Defendant's Motion, had been resolved with opposing counsel. In communicating and cooperating with opposing counsel, Plaintiff hoped to limit the amount and length of any court proceeding or costs relating to this issue.

(Dkt. No. 31 at 4). Plaintiff's counsel further states:

> Counsel did not act in bad faith when attempting to comply with [the Court's] second order in question. Plaintiff's Advisory to the Court was mistakenly, inadvertently filed minutes after the deadline and did not intend to disregard the honorable Court's 5pm deadline . . . Plaintiff's Counsel did not intend to miss the 5pm deadline, and this mistake should be excused. Plaintiff's Counsel sincerely apologi[z]es to the [C]ourt and promises to obey the [C]ourt's orders, going forward.

(*Id*.). To begin, Plaintiff's counsel's responsibility to comply with court orders supersedes their duty, if any, to "limit the amount and length of any court proceeding." (*Id*.). It should be self-evident that Plaintiff's counsel should not ignore or fail to comply with the Court's orders, even if it is the result of a mistake. An attorney's failure to adhere to the Court's orders, even if it is the result of inadvertent error, does not meet the standards of conduct this Court expects from attorneys granted membership to practice in the Southern District of Texas.

Nonetheless, these are Plaintiff's counsel's first violations of an order by the Court. The Court expects that Plaintiff's counsel will correct the issues which caused the errors made subject of the show cause order and that, in future matters, Plaintiff's counsel will comply with all Court orders, rules of the Court and attorney standards of conduct embodied in those rules.

## IV. RECOMMENDATION

Under these circumstances, and in consideration of Plaintiff's response, (Dkt. No. 31), to the Court's order to show cause, the Undersigned **RECOMMENDS** no sanctions against Plaintiff's counsel.

## NOTICE TO PARTIES

The Clerk shall file this Report and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Report and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

(Signature on Next Page).

5

**SIGNED** this 10th day of June, 2024.

                                                Christopher dos Santos
                                                United States Magistrate Judge